UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN ARMON DUCKSWORTH,

           Plaintiff,

v.                                                     Case No. 24-cv-659-pp

CHERYL EPLETT, *et al.*,

           Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

    Plaintiff Brian Armon Ducksworth, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

    The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On June 10, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $1.55. Dkt. No. 6. The court received that fee on July 8, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

  A. <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names as defendants Oshkosh Warden Cheryl B. Eplett, Unit Manager/Litigation Coordinator S. Feltes, Sergeant VanZand, Sergeant Dellfoss, Sergeant Klimke, Correctional Officer Hutch and two Jane/John Doe correctional officers who worked in the mailrooms at Oshkosh and Jackson Correctional Institutions. Dkt. No. 1 at ¶¶4–11. The plaintiff sues all defendants in their individual capacities only. Id. at ¶12.

The plaintiff alleges that on October 13, 2023, Unit Manager Feltes "rec[ei]ved discovery material (video) for review by Plaintiff" from Attorney General Josh Kaul and two assistant attorneys general. Id. at ¶13. The plaintiff

3

alleges that he "made numerous requests to" Feltes to review the video from January through April 2024, but that Feltes never responded. Id. at ¶14. On April 4, 2024, the plaintiff filed "a second motion to compel the discovery material (video) to the U.S. District Court." Id. at ¶15. He says that before that, on March 28, 2024, he wrote to Warden Eplett "to remedy the video problem," and he wrote to Attorney General Kaul on April 1, 2024. Id. at ¶16. The plaintiff says he had an April 22, 2024 "summary judgment deadline to respond to." Id. at ¶17. The plaintiff alleges that on March 22, 2024, Assistant Attorney General Bradley Soldon sent to the plaintiff for his review a flash drive containing the video. Id. at ¶18. He says that six days later, he "rec[ei]ved a response from the litigation department saying there was no 'DFLM' on file" for the plaintiff. Id. at ¶19.

The plaintiff then alleges several separate, unrelated events from other dates:

- He alleges that on January 3, 2024, Feltes "held in her possession" the plaintiff's "transcription info sheet for the U.S. Court of Appeals (7th Circuit) for a week," which he says "delayed [his] appeal process." Id. at ¶20.

- The plaintiff alleges that on April 18, 2024, Sergeants VanZand and Dellfoss "verbally, and emotionally abused [him] for requesting to have his toilet fixed." Id. at ¶21.

- He alleges that on February 10, 2023, the Jane or John Doe mailroom officer at Jackson opened his "legal correspondence . . . without him present." Id. at ¶22.

- The plaintiff alleges that on April 1, 2022, "a complaint by [the plaintiff] was rec[ei]ved by the ICE [Institutional Complaint Examiner] department for tampering with [his] mail, at Jackson Correctional mailroom by John/Jane Doe." Id. at ¶23.

- He alleges that on August 23, 2023, "at Jackson Correctional and Oshkosh Correctional, legal correspondence from the U.S. District Court was not given to [the plaintiff], and [he] missed one legal deadline." Id. at ¶24. He says this legal mail "was rec[ei]ved by the ICE department that John/Jane Doe mailroom [officers] at both institutions were the cause [*sic*]." Id.

- The plaintiff alleges that on June 27, 2023, "a complaint by [the plaintiff] was acknowledged by the ICE department that Sgt. Klimke had harrassed [*sic*] [the plaintiff] for getting water, and going to the bathroom at Jackson Correctional." Id. at ¶25.

- Finally, he alleges that on June 29, 2023, Officer Hutch at Jackson "harrassed [*sic*] [the plaintiff] about not eating [his] breakfast, and leaving [his] tray for another inmate at the same table." Id. at ¶26.

The plaintiff seeks to proceed on claims related to each of these instances. Id. at 6–7. He says Feltes violated his First Amendment right to petition the government and his Eighth Amendment rights by causing him

5

Case 2:24-cv-00659-PP   Filed 07/25/24   Page 5 of 16   Document 7

"pain, suffering, physical injury, and emotional distress." Id. at ¶¶27, 29. He alleges that Sergeants VanZand and Dellfoss violated his Eighth Amendment rights by harassing him about asking them to fix his toilet. Id. at ¶28. He says that the John or Jane Doe mailroom officers violated his rights under the First and Eighth Amendments by opening or withholding his mail. Id. at ¶¶30, 32. He claims that Warden Eplett violated his Eighth Amendment rights because she "witness[ed] all of the Defendants illegal actions at Oshkosh" and "fail[ed] to correct that misconduct." Id. at ¶31. The plaintiff asserts that Sergeant Klimke and Officer Hutch violated his Eighth Amendment rights by harassing him. Id. at ¶¶33–34. He claims that the defendants' "actions are a 'campaign of harrassment [*sic*].'" Id. at ¶35.

The plaintiff seeks declaratory relief that the defendants' actions violated his rights. Id. at ¶36. He also seeks $10 million each in compensatory and nominal/punitive damages against each defendant. Id. at ¶¶37–38.

C. Analysis

The plaintiff may not proceed on his complaint. The plaintiff alleges numerous instances of misconduct by several defendants at two Wisconsin correctional institutions. None of these instances appear to be related, and they occurred at different times from April 2022 through April 2024. The court previously explained in another of the plaintiff's lawsuits why he cannot bring unrelated claims against different defendants:

> While the rules allow a plaintiff to make several claims against a single defendant, a plaintiff cannot bring unrelated claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff

> may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Ducksworth v. Utter, Case No. 21-cv-197-pp (E.D. Wis.), Dkt. No. 25 at 10.

Here, the complaint violates Rules 18 and 20 because the plaintiff seeks to bring several unrelated claims against officials at different correctional institutions. None of these events are related, and the plaintiff does not allege any information connecting them. That these events occurred at different times over two years confirms that they do not arise "out of the same events or incidents," and they do not involve "questions of law or fact that are common to all the defendants."

Ordinarily, the court would reject the plaintiff's complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). The court then would give the plaintiff an opportunity to choose which of the above-described unrelated claims he wants to proceed on. But the court will not do so here because none of the allegations in his complaint state a claim.

The plaintiff spends one page of his allegations discussing discovery issues he had in another federal case involving defendant Feltes. The plaintiff does not provide the case number, but the court has determined that it is Case No. 23-cv-23-wmc in the Western District of Wisconsin. The docket for that

case shows that the plaintiff filed two motions to compel on October 12, 2023, and April 4, 2024, as he alleges in the complaint. Case No. 23-cv-23-wmc (W.D. Wis.), Dkt. Nos. 27, 42. Judge Conley denied the first motion to compel, explaining that the "defendants represent that a clerical error caused defendants to untimely respond to plaintiff's first discovery request, and they have since produced documents responsive to plaintiff's request." Id., Dkt. No. 30. Judge Conley denied the plaintiff's second motion to compel as moot, explaining that "although prison staff apparently informed plaintiff that there was no video footage on file (dkt. #42-3), the attachments to plaintiff's motion also show that defendants have produced this video footage (dkt. #42-1)." Id., Dkt. No. 43. These rulings show that Judge Conley addressed the plaintiff's concerns about the video evidence, which the plaintiff received to review before filing his response to the defendants' motion for summary judgment ahead of his April 22, 2024 deadline. Id., Dkt. Nos. 44–48. The plaintiff's claim regarding that discovery is moot, and he suffered no injury. The case remains open and ongoing.

Even if Judge Conley had not addressed the plaintiff's discovery concerns, this court would have no authority to do so. The plaintiff cannot bring a claim for damages in one court based on discovery disputes occurring in an ongoing federal case in another court. The plaintiff must address any discovery issues he has in Case No. 23-cv-23-wmc (W.D. Wis.) with Judge Conley, who is presiding over that case. This court cannot and will not interfere with ongoing litigation before another federal court.

The same is true for the plaintiff's allegation that Feltes withheld a document that the plaintiff needed for an appeal, which delayed his appeal. The court has determined that this allegation refers to case 22-cv-149-wmc, also in the Western District of Wisconsin. The docket from that case shows the court entered judgment on December 19, 2023, and the plaintiff filed a notice of appeal ten days later. Case No. 22-cv-149-wmc (W.D. Wis.), Dkt. Nos. 50, 51. The plaintiff claims that Feltes delayed his appeal, but the docket shows that the Seventh Circuit Court of Appeals received the appeal and affirmed the judgment only a few months later. Id., Dkt. No. 62. It appears that the plaintiff's claim regarding the withholding of the appellate document also is moot, and he suffered no injury. Even if he had, the plaintiff must address any litigation issues he has in other ongoing cases (or appeals) in the appropriate court with the judge or judges presiding over that case.

The plaintiff alleges that several officers harassed him in violation of the Eighth Amendment. But except in exceptional circumstances, verbal abuse or unprofessional comments from prison officials does not constitute a violation of the Eight Amendment. See Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019) (explaining that prison staff's use of even "[r]epugnant words . . . will seldom rise to an Eighth Amendment violation" because "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners"). The plaintiff alleges that Sergeants VanZand and Dellfoss harassed him about having his toilet fixed, Sergeant Klimke harassed him for asking for water and to use the bathroom and Officer Hutch harassed him about not

9
Case 2:24-cv-00659-PP   Filed 07/25/24   Page 9 of 16   Document 7

eating his breakfast and leaving his tray at the table. These allegations do not state exceptional circumstances amounting to Eighth Amendment violations.

The plaintiff does not state a claim against Warden Eplett. The plaintiff does not allege that Eplett herself committed any misconduct. He instead faults her, as Warden of Oshkosh, for not correcting the misconduct of others. But supervisory prison officials like the warden "cannot be held responsible for the actions of subordinates or for failing to ensure that subordinates carry out their jobs correctly." Stankowski v. Carr, Case No. 23-2458, 2024 WL 548035, at *2 (7th Cir. Feb. 12, 2024) (citing Horshaw v. Casper, 910 F.3d 1027, 1029–30 (7th Cir. 2018)). Warden Eplett may be held liable only for *her own* conduct. See Iqbal, 556 U.S. at 676; Courtney v. Devore, 595 F. App'x 618, 620 (7th Cir. 2014) (citing Burks v. Raemisch, 555 F.3d 592, 595–96 (7th Cir. 2009)). The plaintiff's only allegation about Warden Eplett is that he sent her a letter about Feltes's handling of the video evidence in his other case. He does not say whether he received a response. Even if he did not, Eplett cannot be held liable for Feltes's alleged misconduct with which Eplett was not personally involved.

The plaintiff alleges that John or Jane Doe mailroom staff tampered with his mail. He alleges that in February 2023, the Jackson Doe defendant opened a piece of legal mail without him present. He says he filed an administrative complaint against the Jackson Doe, but he says he filed this complaint in April 2022, almost a year *before* the date on which he alleges that his mail was opened outside his presence. That suggests that the two incidents are unrelated. He also alleges that the Does at Oshkosh and Jackson withheld his

mail, causing him to miss a legal deadline. He does not say what this deadline was or what effect it had on his case.

Incarcerated persons retain a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989); Kaufman v. McCaughtry, 419 F.3d 678, 685 (7th Cir. 2005) (citing Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999)). But prison officials still may examine an incarcerated person's mail to ensure that it does not contain contraband. Kaufman, 419 F.3d at 685 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974), and Rowe, 196 F.3d at 782). An incarcerated person's legal mail "is entitled to greater protections because of the potential for interference with his right of access to the courts." Id. at 685–86 (citing Rowe, 196 F.3d at 782). "Legal mail," however, does not encompass everything an incarcerated person receives related to a lawsuit. Officials may violate an incarcerated person's rights if they open a letter "marked with an attorney's name and a warning that the letter is legal mail." Id. at 686 (citing Wolff, 418 U.S. at 577, and Castillo v. Cook Cnty. Mail Room Dep't, 990 F.2d 304, 305–06 (7th Cir. 1993)). But because they are public documents, court orders are not entitled to any special privilege. See Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987).

The plaintiff has not stated a claim based on the opening of one piece of legal mail outside his presence. He does not describe this piece of mail and says only that it was "legal correspondence." He does not say whether this was an attorney communication, though the court observes that the plaintiff is representing himself in this case and in all his closed and pending federal

11

lawsuits in this district and the Western District of Wisconsin. If the mail was from the court or opposing counsel, the Doe defendant did not violate the plaintiff's rights by opening it without him present. See Kaufman, 419 F.3d at 685–86. In any event, the plaintiff has not alleged that he suffered any harm from having this single piece of mail opened outside his presence.

The plaintiff's claim about his withheld mail is a closer call. The plaintiff has a right to access the court. Bounds v. Smith, 430 U.S. 817, 821–22 (1977). The Doe defendants may have violated that right if their "conduct prejudice[d] a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). The plaintiff says that the Does' conduct caused him to miss a filing deadline, but he does not say what that deadline was. Nor does he describe the nature of the case or the results of his missed deadline. If he merely needed to ask the court for an extension of time, and he received it, there is no harm and no violation. See Gentry v. Duckworth, 65 F.3d 555, 558–59 (7th Cir. 1995). But if the plaintiff was unable to proceed on "a potentially meritorious challenge" to his "conviction, sentence, or conditions of confinement," he may have a claim. The plaintiff has not described "the underlying cause of action . . . [which] is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Nor does he say whether he suffered any prejudice from his missed deadline. As alleged, the plaintiff has

not stated a First Amendment claim against the Doe defendant(s) for withholding his mail.

The court finds that the plaintiff cannot proceed on his complaint because it does not state a claim. But it is possible that the plaintiff may be able to provide additional details sufficient to state a First Amendment claim regarding his withheld mail, so the court will give him an opportunity to amend his complaint to correct the deficiencies the court has described and better explain the claims in his complaint. When writing his amended complaint, the plaintiff should give the court enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to give the court and each defendant notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to-explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended

complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims. If the amended complaint does not comply with the instructions in this order—if it either seeks to proceed on the same allegations that the court has explained do not state a claim, or if it contains multiple unrelated claims against different defendants— the court will dismiss the amended complaint and will not give the plaintiff a second opportunity to amend his complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **August 30, 2024**. If the court receives an amended complaint by the end of the day on August 30, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the end of the day on August 30, 2024, or if the amended complaint does not comply with the instructions in this order, the court will dismiss this case based on the plaintiff's failure to state a claim in

his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$348.45** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 25th day of July, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**