UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN ARMON DUCKSWORTH,

                Plaintiff,

v.                                           Case No. 24-cv-659-pp

SARAH FELTES,

                Defendant.

**ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (DKT. NO. 8)**

On July 25, 2024, the court screened plaintiff Brian Armon Ducksworth's *pro se* complaint under 42 U.S.C. §1983 and determined that it inappropriately sought to proceed on unrelated claims against different defendants in the same case. Dkt. No. 7 at 6–7. The court explained that the complaint violated Federal Rules of Civil Procedure 18 and 20 "because the plaintiff seeks to bring several unrelated claims against officials at different correctional institutions. None of these events are related, and the plaintiff does not allege any information connecting them." Id. at 7.

The court explained that it would not follow its usual practice of "'severing the action into separate lawsuits or . . . dismissing the improperly joined defendants'" because it found that "none of the allegations in [the plaintiff's] complaint state a claim." Id. (quoting Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011)). The court concluded that the plaintiff did not state a claim about a discovery issue involving video evidence that defendant S. Feltes allegedly failed to produce for him to view in Case No. 23-cv-23-wmc in the Western District of Wisconsin because Judge Conley (the judge in that case)

had "addressed the plaintiff's concerns about the video evidence, which the plaintiff received to review" ahead of a pending deadline. Id. at 7–8. The court found that the plaintiff's claim about that discovery issue was "moot, and he suffered no injury." Id. at 8. The court explained that

> [e]ven if Judge Conley had not addressed the plaintiff's discovery concerns, this court would have no authority to do so. The plaintiff cannot bring a claim for damages in one court based on discovery disputes occurring in an ongoing federal case in another court. The plaintiff must address any discovery issues he has in Case No. 23-cv-23-wmc (W.D. Wis.) with Judge Conley, who is presiding over that case. This court cannot and will not interfere with ongoing litigation before another federal court.

Id.

The court then explained why the plaintiff's other, unrelated allegations did not state a claim. Id. at 9–13. But the court gave the plaintiff an opportunity to file an amended complaint about his allegations regarding withheld mail, finding that it was "possible that the plaintiff may be able to provide additional details sufficient to state a First Amendment claim" on that issue. Id. at 13. The court gave the plaintiff instructions for filing an amended complaint about that First Amendment claim and ordered him to file his amended complaint by August 30, 2024. Id. at 13–14. The court concluded by telling the plaintiff:

> If the amended complaint does not comply with the instructions in this order—if it either seeks to proceed on the same allegations that the court has explained do not state a claim, or if it contains multiple unrelated claims against different defendants—the court will dismiss the amended complaint and will not give the plaintiff a second opportunity to amend his complaint.

Id. at 14.

On August 6, 2024, the court received the plaintiff's amended complaint. Dkt. No. 8. The plaintiff has not complied with the court's orders. The amended

complaint names Sarah Feltes as the only defendant. Id. at 1. It realleges the plaintiff's claim from his original complaint that Feltes, while working as Litigation Coordinator at Oshkosh Correctional Institution, violated the plaintiff's rights "by interferring [sic], frustrating, and impeding" the plaintiff's "ability to effectively litigate in a 'failure to protect' claim in the U.S.D.C. for the Western District of Wisconsin Case No. 23-cv-23-wmc, when Feltes unreasonably denied [the plaintiff] access to digitally formated [sic] legal material . . . from 10-13-23 through 4-4-24." Id. at 2–3. The plaintiff claims that Feltes's actions "deprived [him] of the ability to discover other key eyewitnesses, and other material evidence" in violation of his First Amendment rights. Id. at 3. He seeks damages against Feltes in her individual capacity. Id. at 3–4.

The allegations in the amended complaint are identical to the ones in the original complaint that the court previously explained do not state a claim for relief. As the court explained above and in the previous order, Judge Conley addressed the plaintiff's concerns about the video evidence, the plaintiff received that evidence in time to review it ahead of his summary judgment deadline and he did not suffer any injury. Dkt. No. 7 at 8. The court also reiterates that it has no authority to address the plaintiff's discovery concerns involving "an ongoing federal case in another court." Id. He must address those concerns with Judge Conley in Case No. 23-cv-23-wmc. The docket from that case shows that the plaintiff has not filed anything regarding the discovery issue—no motion, no request, no letter—since this court issued its July 25, 2024 order. The Western District case remains pending and open.

The plaintiff filed an amended complaint seeking to proceed on allegations that the court already had determined do not state a claim. He did

3
Case 2:24-cv-00659-PP   Filed 08/22/24   Page 3 of 5   Document 9

not file an amended complaint about his allegations regarding his withheld mail, which were the only allegations that the court allowed the plaintiff to include in an amended complaint because they were the only allegations from his original complaint that might have stated a claim. Because the plaintiff failed to follow the court's instructions and he seeks to proceed on a claim that the court already dismissed, the court will enforce its previous order and dismiss this case because the original and the amended complaints fail to state a claim. The plaintiff may not proceed on any other allegations, and the court will not give him a second opportunity to amend his complaint.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case

in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**